**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50417
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHRISTOPHER SHANE WALTON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07-CR-172-9

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Shane Walton appeals the 151-month sentence imposed following his guilty plea for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Walton contends that the district court erred in determining the drug quantity attributable to him for sentencing purposes. He asserts that, in making that determination, the district court relied on evidence that did not bear a sufficient

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicia of reliability, that the "hearsay" testimony violated the Confrontation Clause, and that the district court erred in including in the calculation the amount of drugs intended for personal use.

A district court's calculation of the quantity of drugs involved in an offense is a factual finding that is entitled to considerable deference, *see United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005), and will be reversed only if clearly erroneous. *Id.*; *see also United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Betancourt*, 422 F.3d at 246. When calculating the total drug amounts attributable to a defendant through his course of conduct, direct evidence is unnecessary. *Id.* Drug estimates may be calculated based on extrapolating from "any information that has sufficient indicia of reliability to support its probable accuracy . . . even hearsay." *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006) (internal quotation marks and citation omitted). The district court may rely upon information provided by codefendants and other witnesses, provided the information bears the minimum indicia of reliability. *See United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996). Further, the district court may adopt the factual findings in the presentence report (PSR) if those findings bear sufficient indicia of reliability to support their probable accuracy. *Valdez*, 453 F.3d at 262. The defendant bears the burden of showing through rebuttal evidence that the information in the PSR is materially untrue. *Id.*

According to the PSR, Walton received a minimum of one ounce of methamphetamine per day for five months from another codefendant, and testimony adduced at the sentencing hearing supported this finding. Although the district court acknowledged that Walton had a significant methamphetamine addiction, the district court concluded that, based on a preponderance of the

evidence, Walton was responsible for "at least" 567 grams of methamphetamine.[1] Evidence presented at sentencing suggested that this amount was a conservative number relative to the information gathered and testimony presented.

Walton has failed to present any evidence to rebut the information relied upon by the district court or the reliability of the sources from which the information was obtained, and he has failed to present any rebuttal evidence to show that the information contained in the PSR is materially untrue. *See Valdez*, 453 F.3d at 262.

As for Walton's argument that his rights under the Confrontation Clause were violated by the introduction of hearsay testimony at sentencing, that argument is foreclosed by this court's precedent. *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006) (citing *Crawford v. Washington*, 541 U.S. 36 (2004)) Walton recognizes that this argument is foreclosed, but he wishes to preserve the issue for further review.

Because the evidence relied on by the district court had a sufficient indicia of reliability, and because the district court's factual finding regarding the amount of drugs attributable to Walton is plausible in light of the record as a whole, *see Betancourt*, 422 F.3d at 246, the judgment of the district court is AFFIRMED.

---

[1] Because we conclude that the district court's finding with respect to drug quantity is not erroneous under any standard, we need not decide whether Walton preserved error with respect to his claim that amounts for personal use should be deducted from the drug quantity used to calculate his sentence.